**O**
**JS-6**

cc: order, docket, remand letter to
Los Angeles Superior Court, BC 516725.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HERMON,<br><br>              Plaintiff,<br>      v.<br><br>U.S. FOODS, INC. dba U.S. FOODSERVICE, INC., and DOES 1–10, inclusive,<br><br>              Defendants. | Case No. 2:13-cv-06470-ODW(MANx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On September 4, 2013, Defendant U.S. Foods, Inc. filed a Notice of Removal. After carefully considering the papers filed with the Notice, the Court determines that U.S. Foods has failed to satisfy its burden of establishing federal jurisdiction. The Court therefore **REMANDS** this action to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, only having subject-matter jurisdiction over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe § 1441 against a finding of removal jurisdiction, and "[f]ederal

1 jurisdiction must be rejected if there is any doubt as to the right of removal in the first
2 instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking
3 removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed*
4 *Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

5     Federal courts have original jurisdiction where an action presents a federal
6 question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.
7 To exercise diversity jurisdiction, a federal court must find complete diversity of
8 citizenship among the adverse parties, and the amount in controversy must exceed
9 $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

10     For the purposes of complete diversity, a natural person's citizenship is
11 "determined by her state of domicile, not her state of residence." *Kantor v. Warner-*
12 *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135
13 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction
14 of a cause in the District Court of the United States is not dependent upon the
15 residence of any of the parties, but upon their citizenship.").

16     U.S. Foods' Notice of Removal asserts that "Plaintiff has alleged that he is an
17 individual residing in the County of Los Angeles, State of California . . . Plaintiff,
18 therefore, is, and at all times since the commencement of this action has been, a
19 citizen and resident of the State of California." (Notice of Removal ¶¶ 8–9) (internal
20 quotations omitted.) This conclusion is based on Hermon's allegation in his
21 complaint that he is "an individual residing in the County of Los Angeles, State of
22 California." (Compl. ¶ 1.) But residency allegations alone are inadequate to establish
23 citizenship. A natural person's citizenship is "determined by her state of domicile, not
24 her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.
25 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of
26 citizenship as a basis for the jurisdiction of a cause in the District Court of the United
27 States is not dependent upon the residence of any of the parties, but upon their
28 citizenship."). And while a party's residence may be prima facie evidence of that

party's domicile when an action is *originally* brought in federal court, residency allegations in alone do not suffice to establish citizenship on removal in light of the strong presumption against removal jurisdiction.  *See State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see Kantor*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.

Moreover, U.S. Foods cites no other objective facts to establish that Hermon is domiciled in California, such as "voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes."  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Because U.S. Foods fails to sufficiently establish diversity jurisdiction on removal, the Court **REMANDS** this case to the Los Angeles County Superior Court, case number BC516725.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

September 9, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**